Filed 10/30/24  P. v. LeBlue CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B332103 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA038257) |
| v. | |
| SHANNON DEANDRE LEBLUE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Nicole C. Bershon, Judge.  Reversed and remanded.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General for Plaintiff and Respondent.

————————————

Shannon LeBlue appeals the resentencing court's order denying his petition for resentencing under Penal Code[1] section 1172.6 at the prima facie stage based on the prior appellate opinion, jury instructions, and the prosecutor's closing argument. We reverse the court's order and remand for further proceedings.

## PROCEDURAL HISTORY

In 1999, the jury found LeBlue guilty of first degree murder (§ 187, subd. (a), count 1) and attempted second degree robbery (§ 211/664, count 2). The jury found true allegations that the murder was committed while LeBlue was engaged in the attempted commission of the robbery (§ 190.2, subd. (a)(17)), and that LeBlue personally used a firearm in the commission of both crimes (§ 12022.5, subd. (a)(1)).

The trial court sentenced LeBlue to life without the possibility of parole in count 1, plus 10 years in prison for the firearm enhancement. The court imposed and stayed the sentence in count 2. (§ 654.)

The Court of Appeal ordered that the court's minute order be corrected to delete any reference to a parole revocation fine, but otherwise affirmed the judgment.

In 2022, LeBlue filed a petition for resentencing pursuant to section 1172.6.

The People opposed LeBlue's petition, arguing that although the jury was instructed on first degree felony murder and aiding and abetting, he was prosecuted and convicted as the actual killer. The People averred that the robbery/murder special

---

[1] All further statutory references are to the Penal Code.

2

circumstance instruction omitted "major participant" and "reckless indifference to human life" language, which would have been included if LeBlue had been prosecuted as an aider and abettor. Instead, the instruction read, " 'If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.' " The People argued that, given the language of the instruction, the only way that the jury could have found that the special circumstance was true is if it also found that LeBlue was the actual killer. Additionally, the People argued that the prosecutor's arguments demonstrated LeBlue was prosecuted solely on the theory that he was the actual shooter and killed the victim. The People attached to the opposition the Court of Appeal's prior opinion, the instructions given to the jury, the verdicts, and the closing arguments at trial.

LeBlue's appointed counsel did not file a reply.

At the hearing to determine whether LeBlue was prima facie eligible for resentencing pursuant to section 1172.6, the resentencing court stated that it had read the petition and the People's response and attachments. The resentencing court asked the parties if they wished to be heard on the matter; appointed counsel stated that she agreed with the People's response and submitted. The court stated that the "People's point is well taken," and found LeBlue prima facie ineligible for relief.

# DISCUSSION

## A. *Legal Principles*

"Murder is the unlawful killing of a human being with malice aforethought. (§ 187, subd. (a).) ' "Under the felony-murder doctrine as it existed at the time of [LeBlue's] trial, 'when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony,' the defendant could be found guilty of the crime of murder, without any showing of 'an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' [Citation.] Murders occurring during certain violent or serious felonies[, including robbery,] were of the first degree, while all others were of the second degree. [Citations.]" [Citation.]' (*People v. Wilson* (2023) 14 Cal.5th 839, 868.)" (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1199.)

The felony murder rule was amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats 2018, ch. 1015), which became effective on January 1, 2019. (*People v. Garcia* (2022) 82 Cal.App.5th 956, 965.) "As relevant here, Senate Bill No. 1437 limited the class of persons liable for felony murder by adding section 189, subdivision (e). Under current law, '[a] participant in the perpetration or attempted perpetration of [certain enumerated felonies, including robbery] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted

4

the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2.' (§ 189, subd. (e)(1)–(3).)" (*Ibid.*)

" 'Senate Bill 1437 also created a procedural mechanism for those convicted of murder under prior law to seek retroactive relief. [Citations.] Under section 1172.6, the process begins with the filing of a petition declaring that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189" made by Senate Bill 1437. [Citation.] The trial court then reviews the petition to determine whether a prima facie showing has been made that the petitioner is entitled to relief. [Citation.] "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.]" [Citation.]' (*People v. Wilson*, *supra*, 14 Cal.5th at p. 869, fn. omitted.)" (*People v. Bodely*, *supra*, 95 Cal.App.5th at p. 1200.)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. . . . [¶] While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. . . . '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified

in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

"In making its evaluation, the court may review the record of conviction—including the charging documents, jury instructions, verdicts, and to a limited extent any prior appellate opinion—to determine if the petitioner's allegations are conclusively rebutted by the record." *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 864–865.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing. (*Ibid*.)

We independently review a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

**B.** *Analysis*

In the opening brief, LeBlue contends that the People's argument in opposition to his section 1172.6 petition—that the jury could not have found that the robbery/murder special circumstance was true without also finding that LeBlue was the actual killer—was flawed.[2] We agree.

_____

[2] Appointed counsel neither filed a reply nor argued at the prima facie hearing. However, the People do not argue that counsel forfeited LeBlue's arguments on appeal, so we address them on the merits.

At trial, the court instructed the jury that both the direct perpetrator of a crime and any aiders and abettors are principles, and that all principals involved in a crime are equally guilty. (CALJIC No. 3.00.) The jury was instructed regarding aiders and abettors to a crime under CALJIC No. 3.01.

The trial court defined murder (CALJIC No. 8.10), and explained that the jury could find LeBlue guilty of first degree murder in one of two ways—either that LeBlue killed with premeditation and deliberation (CALJIC No. 8.20), or that LeBlue attempted to commit robbery and the victim was unlawfully killed in the attempt (CALJIC No. 8.21 & CALJIC No. 8.27). With respect to the attempted robbery/murder theory of liability, CALJIC No. 8.27 defined liability for aiders and abettors:

"If a human being is killed by any one of several persons engaged in the commission or attempted commission of the crime of Robbery, all persons, who either directly and actively commit the act constituting that crime, or who with knowledge of the unlawful purpose of the perpetrator of the crime and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, aid, promote, encourage, or instigate by act or advice its commission, are guilty of murder of the first degree, whether the killing is intentional, unintentional, or accidental. [¶] [In order to be guilty of murder, as an aider and abettor to a felony murder, the accused and the killer must have been jointly engaged in the commission of the Robbery at the time the fatal [wound was inflicted].]"

From the foregoing instructions, it is clear that the jury had a "path" to find LeBlue guilty of murder if it found he was guilty of attempted robbery, regardless of his own mental state

7

with respect to the murder. (*People v. Harden, supra,* 81 Cal.App.5th at p. 52 [inquiry into prima facie eligibility looks to the court's instructions "to determine if they chart a path where even one juror could have convicted [the defendant] on a theory other than as [the victim's] actual killer"].) Contrary to the People's assertions, the circumstances present in LeBlue's case are distinguishable from those of the petitioner in *People v. Harden, supra,* 81 Cal.App.5th 45. In *Harden,* no aiding and abetting instructions were given at trial. (*Id.* at p. 53.) As the *Harden* court observed, the absence of aiding and abetting instructions was one factor that supported its holding that the defendant had not made a prima facie case of eligibility. (*Ibid.* ["[i]n determining if the instructions left open th[e] possibility [that the defendant was convicted on a now-invalid theory], it may be helpful, although certainly not dispositive, to start with instructions the jury was *not* given"].)

We reject the People's argument that the instructions on the attempted robbery/murder special circumstance required that, if the jury found the special circumstance true, it must also find that LeBlue was the actual killer, regardless of any aiding and abetting instructions.[3] The trial court instructed the jury regarding the special circumstance that: "[i]f you find the defendant in this case guilty of murder in the first degree, you must then determine if the following special circumstance: [is]

_____

[3] We further reject the People's suggestion that the aiding and abetting instructions were given solely because an accomplice testified. Even if this was true, the reason for instructing the jury on aiding and abetting is irrelevant if the jury could interpret the instruction to apply to the defendant, which was the case here.

true or not true: [That the murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, or attempted commission of a Robbery]. [¶] . . .[¶] [If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.]" (CALJIC No. 8.80.1.) The jury was also told: "[t]o find that the special circumstance, referred to in these instructions as murder in the commission of a Robbery or Attempted Robbery, is true, it must be proved: [¶] [1a. The murder was committed while [the] defendant was [engaged in] in the [commission] [or] [attempted commission] of a Robbery.]" (CALJIC No. 8.81.17)

The special circumstance instructions permitted the jury to find the special circumstance true if it had already found that (1) LeBlue was guilty of first degree murder, and (2) the victim was killed while LeBlue was attempting to commit a robbery. The instructions did not require the jury to find that LeBlue was the actual killer; they simply instructed that if the jury did find LeBlue was the actual killer it did not have to also find that he intended to kill.

In the respondent's brief, the People urge us to conclude that LeBlue is ineligible for resentencing as a matter of law on the basis of *the evidence*, jury instructions, closing arguments, and jury verdicts. The evidence was not presented to the resentencing court, however. The only facts before the court were contained in the factual summary in the prior appellate opinion. Although an appellate opinion may be utilized for its recitation of the procedural history of the case (§ 1172.6, subd. (d)(3)), the People's reliance on the opinion goes well beyond that.

9

That the prosecutor only argued LeBlue was the actual killer does not undermine our conclusion that the petition was incorrectly denied at the prima facie stage. A prosecutor's closing statements are arguments—not facts. The jury was specifically instructed on this point. (CALJIC No. 1.02.) Moreover, a prosecutor's theory of the case does not constrain the jurors. The jury's findings are based on its evaluation of the evidence presented at trial viewed within the rubric of the trial court's instructions. If evidence was presented to the jury that could have supported the conclusion that LeBlue was guilty of murder based on his commission of the attempted robbery rather than as the actual killer, the jury was free to reach that conclusion, regardless of what the prosecutor argued. Without reviewing the evidence adduced at trial, the resentencing court could not have determined whether LeBlue might have been convicted as an aider and abettor of the attempted robbery.

The People's argument that the jury's true finding on the firearm use enhancement compels the conclusion that LeBlue was the actual killer suffers from the same infirmity—it relies on facts that the resentencing court did not have the opportunity to consider when determining whether LeBlue was prima facie eligible for section 1172.6 relief. At trial, the court instructed the jury that it could find the allegation true if LeBlue "intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck and hit a human being with it." (CALJIC No. 17.19.) The jurors were not required to find LeBlue was the actual killer to find the allegation true.

As the People correctly highlight, " 'The key question in determining whether the [resentencing] court properly denied [LeBlue's] petition' as the actual killer at the prima facie stage of

10

section 1172.6 proceedings involving a felony murder special circumstance, '[was] whether it was *possible* for a juror to have (1) found [LeBlue] guilty of felony murder, and (2) found to be true the [felony [murder]] special circumstance allegations, . . . without also finding [LeBlue] personally killed the victim?' " The jury instructions in this case left open the possibility that LeBlue was convicted under a theory of felony murder that is no longer valid after the January 1, 2019 amendments to section 189. Whether uncontradicted evidence in the record may foreclose that possibility is a determination that the resentencing court must make in the first instance. We therefore reverse the court's order and remand the matter for further proceedings.

## DISPOSITION

We reverse the resentencing court's order denying LeBlue's petition for resentencing under Penal Code section 1172.6, and remand for further proceedings.

NOT TO BE PUBLISHED.


                                        MOOR, J.

WE CONCUR:


        BAKER, Acting, P. J.


        DAVIS, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.